IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00673-LTB

CLAUDE McCLAIN,

Plaintiff,

v.

BLAKE R. DAVIS, Warden,
ASST WARDEN,
A. BARKER, Unit Manager,
S. BEICKER, Case Manager,
S. CEDENO, Unit Counselor,
C. PORCKO, Unit Case Manager,
B. VAUGHN, Medical Administrator, Records Only, and
DR. SAVER, ADX,

Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court are the two Letters that Plaintiff, Claude McClain, a *pro se* prisoner litigant, filed on June 12, 2012. Mr. McClain appears to seek reconsideration of the Order of Dismissal entered on June 4, 2012. The Court must construe the Letters liberally because Mr. McClain is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Letters as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and deny the Motion.

The Court dismissed this action because Mr. McClain failed either to pay the initial partial filing fee or in the alternative to show cause why he was unable to do so. A litigant subject to an adverse judgment, and who seeks reconsideration by the district

court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment.  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990).  The Motion was filed on June 12, 2012, within twenty-eight days of the final judgment in this action.  *See* Fed. R. Civ. P. 6(a).  The Court, therefore, will construe the Motion as filed pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (December 1, 2009, ten-day limit extended to twenty-eight days) set forth under Rule 59(e)).

      The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where a court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

      Nothing Mr. McClain states in either of the Letters demonstrates some reason why the Court should alter or amend the June 4 Order of Dismissal in this action. Accordingly, it is

ORDERED that Mr. McClain's Letters, ECF Nos. 35 and 36, are construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e). For the above stated reasons, the Motion is denied.

DATED at Denver, Colorado, this 15th day of June, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court