IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00673-LTB

CLAUDE McCLAIN,

    Plaintiff,

v.

BLAKE R. DAVIS, Warden,
ASST WARDEN,
A. BARKER, Unit Manager,
S. BEICHER, Case Manager,
S. CEDENO, Unit Counselor,
C. PORCKO, Unit Case Manager,
B. VAUGHN, Medical Administrator, Records Only, and
DR. SAVER, ADX,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

On January 29, 2013, Plaintiff, Claude McClain, submitted a Motion Pursuant to Fed. R. Civ. P. 60(a) to Correct Error. The Court must construe the Motion liberally because Plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Motion as filed pursuant to Fed. R. Civ. P. 60(b) and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  This case was dismissed on June 4, 2012, because Plaintiff failed to comply with the Court's order either to pay an initial partial filing fee or to submit a current certified account statement that shows cause why he has no assets and no means to pay the fee.  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit effective set forth under Rule 59(e)).  Plaintiff's Motion was filed seven months after the Court's Order of Dismissal was entered on June 4, 2012, and is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  On review of the Motion to Reconsider and the entire file, the Court finds that Plaintiff fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.

Plaintiff seeks reinstate of the action because the June 4 Order of Dismissal referred to another inmate's account statement that was inadvertently filed in this case on May 1, 2012.  Even if the Court vacates the June 4 Order as to the reference to the inmate account statement, Plaintiff is not entitled to a reinstatement of this action.  Plaintiff still failed either to pay the initial partial filing fee or to submit a certified account statement showing cause why he was not able to submit the initial partial filing fee within the time allowed.

Furthermore, to the extent that Plaintiff now argues the case should be reopened

because the prison would not process the payment, the claim is untimely. Plaintiff had sufficient time to comply with the April 25, 2012 Order directing him either to pay the initial partial filing fee or to show cause why he is unable to pay the fee by submitting a current certified account statement. Rather than comply with the April 25 Order, Plaintiff submitted two letters claiming he did not have sufficient funds to pay the initial fee and telling the Court to accept a $1.00 postage stamp as payment. Even in the letters Plaintiff submitted to the Court after this action was dismissal, ECF Nos. 35 and 36, which the Court construed as a motion to reconsider, he did not submit a certified account statement, nor did he assert that the prison would not process the payment as he now asserts.

The Motion to Reconsider, therefore, will be denied. Plaintiff is reminded that the action was dismissed without prejudice and he may file a new action is he so desires. Accordingly, it is

ORDERED that the Motion Pursuant to Fed. R. Civ. P. (60(a) to Correct Error, ECF No. 52, filed on January 29, 2013, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this  5th  day of   February  , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court